Judge Wright
delivered the opinion of the court:
We are unanimous in the opinion there is no error in the construction of the contract as to the giving time to pay, which the court gave to the jury. All the parties to the note, whether principal or securities, stipulate in it, that it may be continued from time to time, thirty days at a time, by paying the interest for such 513] time in advance. Without proof that this stipulation *Was put an end to, it continued to operate, and was the written consent of all for extending the time for paying the note. The motion for a new trial is therefore overruled.
It is conceded in the argument by the counsel for the defendants, that the right of interest results from statute regulation entirely. Such we understand to be the law. 7 Bac. Abr. 188; 6 Johns. 284. Independent of the statute, any person has the same right to contract for ten per cent, interest that he has the principal sum. 1 Ohio, 239. In Brockway v. Clark, 6 Ohio, 50, this court had the act. of 1824, fixing the rate of interest Under consideration, and, I thought, then settled this construction. I'do not now see how that case, which met the approbation of the whole ¡court, could have been decided as it was, without a construction *521 of the act of 1824, although there is not the same unanimity among us now that there was then. In that case it is said, that until the year 1824, we had a statute fixing the r.ate of interest at six per cent, per annum, and providing punishment for usury. The general assembly, in 1824, repealed the law against usury, and enacted in its stead the present law, fixing the rate of interest upon all moneys, after the same shall besóme due, at the rate of six per cent, per annum, and no more. 29 Ohio L. 151. It is contended for the complainant, that the only change effected in the interest law by this last act is one of phraseology, the substantial enactments of each being the same. We do not think so. The two acts differ in very essential particulars. In the former, any person demanding or receiving more than six per cent, per annum, on any contract, debt, or demand whatever, forfeited the whole amount of debt on which such illegal interest was charged or received, one-half to the county, and the other to the person prosecuting. See act of 1804, 1 Chase’s Ohio L. 484.
The act of 1824 contains no provision for forfeiting the debt, nor any penalty on contracting for, or receiving any rate of interest. The first was entitled “ an act fixing the rate of interest, and for preventing usury,” the last simply an act fixing the rate of interest. These differences clearly indicate that the assembly, in the two enactments, had not the same object in view. The language of the act of 1824 is, “ all creditoi’s shall be entitled to receive interest on all money after the same shall become due, either on bond, bill, promissory note, or other instrument of writing, or contract for money or property; all balances due on settlement between parties thereto, or money withheld by ^unreasonable [514 delay of date; and on all decrees obtained in the court of chancery for the payment of money, from the day specified in said decree for the payment thereof, or if no day be specified, then from, the-day of entering thereof, until such debt, money, or property is paid, at the rate of six per cent, per annum, and no more. It is-urged, in behalf of the defendants, that this is an exact copy of part of the first section of the act of 1804, and must receive the same construction as did that act in Smith v. Parsons, 1 Ohio, 236. The-case referred to was one arising under the insolvent law of Maryland, and involved the validity of a discharge in that state, to-exonerate the insolvent from the liabilities, when afterward domiciliated in Ohio. Neither the construction of our interest law,, *522 nor that of any other state, was embraced in the inquiry. The highly respectable judge, who drew up the opinions in that case, in his hypothetical reasonings in support oí the constitutional right of a state to discharge insolvent debtors from liability upon contracts, notwithstanding- the prohibitions against them impairing the obligation of contracts, says, page 239, “ The state may, for instance, pass laws preventing usury, and fixing the interest of money. Should such a law enact, that a lender may receive from the borrower six per cent, interest or more, and should an after contract contain an express promise to pay ten per cent., such a contract, although voluntarily made for the payment of a specific sum; would be void in part, and in many of the states the obligation would be entirely destroyed, and the obligor released from the payment of both principal and interest. Independent of the statute law, every person has the same right to contract for ten per cent, interest, that he has for the principal sum,” etc. The judge in this course of reasoning had no idea himself that he was expressing his own, or the construction of the court upon the interest laws of 1804. If it be admitted that the opinion quoted expressed the received construction of the act in question, taking the whole of that law into consideration as one enactment, it would be difficult to maintain the proposition that the construction of the section under consideration, when forming a part only of a law, would furnish a rule for construing another law, in which that formed the sole provision. The construction of a law would hardly be tolerated which selected one part, and judged of it without reference to the other parts. It is a well-known rule in construing statutes, that you must look to the whole law, in order 515] *tbat the intention of the law-giver may be carried into effect, if it can be done without a palpable Violation of the import of the.language used. If you strike out of the clause of the act under examination the clauses inapplicable to notes, it would read as follows: “ Creditors shall be entitled to receive interest on moneys due by promissory notes, after the same shall become due, at the rate- of six per cent, per annum, and no more.” It is contended that this provision prohibits the receipt of more than six per cent, per annum for money, before the time stipulated for the payment has expired, and before it has become due. The act does not purport to prescribe the rate of interest for money before the same shall fall due. It speaks only of interest to be allowed after *523 the same shall become due. As to all other questions about interest the law is silent. “ Independent of the statute law (says the judge in the case of Smith v. Parsons, 1 Ohio, 239, cited by defendants), every person has the same right to contract for ten per cent, interest that he has for the payment of the principal sum.” The counsel for the defendants admit it to be well settled that there is no such thing known to the common law as a right to interest.
If, then, without statutory prohibition, parties may as lawfully contract for ten per cent, interest as for the payment of the principal ; if there is no prohibition in the act against recovering more than six per cent, before the money becomes due, and the defendants’ arguments admit that the law does not prohibit the contracting for a higher interest than six per cent, per annum, nor make it illegal to receive a higher rate — the authority of a court of law to set aside the rule of damages settled and agreed on by the parties themselves and to substitute another, must be denied. There is in the act before us neither prohibition to the agreement, nor forfeiture, nor penalty. The contract sued on is valid at common law, and not prohibited by statute. It furnishes a rule of damages for witholding the payment of the plaintiffs’ money, lawfully adjusted by themselves; yet we are asked to reject it, and say to the borrowers, “ It was lawful for you so to contract, if you please, and to pay according to contract if you please. There is no law against the contract, or against your complying with it; but if, when you have got the money on the contract, and received all the advantages you were to have by its terms, you will refuse to pay as you agreed, and submit to bo sued, you shall only be required to pay a part of what *you agreed, [516 the rest shall be given you as a premium for violating your solemn agreement.” It seems to me a new species of legal morality to award premiums to induce the violation of legal contracts. The injunction is no longer to hold good to settle with your adversary, whilst you are in the way with him, least he hand you to the judge. It is to be, refuse to settle, forbear to do what you have agreed, and you ahall be rewarded. I should hesitate long before I would sanction such a rule. A statute prohibiting agreements for interest higher than the prescribed rate upon contracts made under it, would act upon the contract. It is an admitted principle that contracts made in violation of law are void. If our laws prohibited agreement for more than six per cent, interest, a note for more would be void.
*524 It could not on that account be enforced in a court of justice. That is not the case at bar. On the contrary, a law like ours, prescribing a rate of interest where money due is withheld, and the parties have omitted to fix the rate in their contract furnishes no rule for the contract, it merely supplies the rule of compensation in cases where the parties have omitted to agree upon one, as a punishment for the unreasonable and vexatious delay of payment. Interest is the creature of statutes. None was known to the common law; unless there was a special agreement, no damages could be recovered of a man for withholding the payment of money after it was due. Lord Mansfield, in Robinson v. Bland, 2 Burr. 1086, holds a suit to recover money and interest “really and effectually brought for a specific performance of a contract.” As in law you can not decree that performance specifically, damages are assessed in amount equal to the sum withheld. If this be correct, and a majority of the court think it is, the rule should be applied to the case before us. We think the legislature had some object in view, in changing the law of 1804, as we said in Brockway v. Clark, 6 Ohio, 50. Indeed, it would be difficult to escape that conclusion. The omission in the act of 1824, of all the penalties and prohibitions of the law repealed, and the change of title to make it conform to the altered law, evince some design. What the design was, is- the question. A majority of the court is of the opinion the design was to leave parties free to contract for the hire or interest of money, as for the hire or use of anything else, and 517] the contracts themselves *to be enforced in the courts of justice on common law principles. Supplying a legal rule of damage for the use of money for all periods not provided for by the contract of the parties, and for cases of implied liabilities for money or property withheld, whore the common received principles are wrong, the legislature now in session can readily supply the defects of the present law by another enactment, expressed in language so clear and explicit as to admit of but one construction*
This court, in Watkinsen v. Root, 4 Ohio, 373, had the act of 1824 under consideration. The contract in that case was to pay a certain sum in installments, with lawful interest, to be computed and paid annually. The suit was brought to recover the arrears of interest, and the only question was whether interest was allowable upon the successive annual charges of interest after they fell due. The court thought the contract prohibited by no statutory *525 provisions, and saw no reason why it should not be enforced. Interest upon interest was there allowed by the court, and the plaintiff recovered accordingly more than at the rate of six per cent, per annum. This decision seems to regard the interest law as we do. The contract here is to forbear the collection of the five hundred dollars, the principal sum, from time to time, for thirty days each time, upon condition the borrower paid fifteen dollars on the first of each thirty days, as they should occur. Without the payment in advance, the contract to delay enforcing payment of the principal sum was at an end. The neglect to pay the interest signified the will of the defendants to put an end to the stipulation on their part. The parties have not contracted for any rate of interest, unless to be paid in advance. None other, therefore, can be recovered in this suit than the six per cent, per annum provided by law for moneys after the same are due. The plaintiff is entitled to judgment for the balance of the principal sum, with six per cent, per annum interest, from February 21, 1829.
Judge Lane dissented.